IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | <u>FINDINGS OF FACT, CONCLUSIONS</u> |
| Plaintiff, ) | <u>OF LAW AND ORDER</u> |
| ) | |
| vs. ) | C/A No. 8:04-23366-HMH |
| ) | |
| Tony D. Lee; Gaines and Linda ) | |
| Adam; Estate of Mildred D. Lee, ) | |
| ) | |
| Defendants. ) | |

This action is brought by the United States of America to foreclose three real estate mortgages. Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Tony D. Lee, Gaines and Linda Adams; the Estate of Mildred D. Lee, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Greenwood County, South Carolina on December 8, 2003, in Book 51, at Page 125, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipts and Affidavit of Publication of Summons and Complaint on file herein. No answer or other defense has been filed by the defendants, with the exception of the **answer of the defendant, Estate of Mildred D. Lee** and default was entered on <u>January 26, 2006</u>, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendants since entry of default.

On or about February 6, 1992, for value received, Tony

1

D. Lee made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby he promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $26,720.00 with interest from date at the rate of 8 1/4 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $197.00 on March 6, 1992, and equal and successive installments in the sum of $197.00 thereafter on the 6th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about February 6, 1992, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Tony D. Lee executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby he granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Greenwood, State of South Carolina, to-wit:

>All that certain piece, parcel or lot of lad lying, situate and being in the county of Greenwood, State of south Carolina, being shown and designated as Lot No. 117 of Raintree Subdivision as shown on plat prepared by W. Jones Hodges, dated January 7, l976, and recorded in Plat Book 3l, at page 40.  According to said plat Lo No. ll7 fronts for a distance of 36.49 feet on the Northern side of Oxnard Court.  Reference is made to the aforesaid plat for a more full and accurate description.
>
>This is the identical property conveyed to Tony D. Lee by deed of United States of America dated January 3l, l99l and recorded in Deed Book 367 at Page 740 in the Office of the Clerk of Court for Greenwood County.

The mortgage was duly recorded in the Office of the Clerk of Court for Greenwood County, South Carolina, on February 7, l992, in Book 463, Page 128.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid note and mortgage  is in default and the defendant, Tony D. Lee, has failed and refused to reinstate the note account to a current status, although due demand has been made upon to do so.  The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with

3

all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the notes and mortgages aforesaid is the sum of , as of , with a daily interest accrual thereafter at the rate of $, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendants, **Gaines and Linda Adams**, are made a party to this action by reason of a judgment obtained against Tequilla S. McConnell and Tony D. Lee filed December 19, 2002 in Judgment roll 2002CP1150 in the original amount of $2,344.85 together with interest at 12% per annum.  Said judgment is junior in priority to the mortgage lien of the plaintiff.

The defendant, **The Estate of Mildred D. Lee**, is made a party to this action by reason of lis pendens filed against Tony D. Lee on May 23, 2003 in Lis Pendens Volume 47 at Page 15; and Lis Pendens filed against Tony D. Lee on April 24, 2003 in Lis Pendens Volume 46 at Page 118.  Said lis pendens are junior in priority to the mortgage of the plaintiff.

That **The Estate of Mildred D. Lee**, in due time filed an answer and "claimed no interest in the property" and joins with the Plaintiff for the relief sought in the complaint as evidenced

by the answer attached hereto as Exhibit "E".

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff. It is, therefore,

ORDERED: That defendants, and all persons claiming by, through and under be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgage be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Greenwood County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **INDEX-JOURNAL**, a newspaper regularly issued and of general circulation in Greenwood County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount

of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder. The plaintiff may become a purchaser at the sale or any resale. Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) to vacate the premises, the United States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict the parties therefrom.  The United States Marshal or Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possession of the mortgagor(s) or persons(s) in possession, and any interference with the activities of the Marshal or Sheriff will be upon pain of contempt of court.

                                        s/ Henry M. Herlong, Jr.
                                        UNITED STATES DISTRICT JUDGE

Greenville, S. C.

January 26, 2006